IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONOVAN DAVIS, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>ST. LOUIS COUNTY, MISSOURI, ST. LOUIS )<br>UNIVERSITY, ERICA P. CRISS, APN, )<br>FRED ROTTNEK, M.D., )<br>MARY V. HASTINGS M.D. )<br>    Defendants. ) | Cause No. 4:14-CV-01563-CAS |

**PLAINTIFF DONOVAN DAVIS' MEMORANDUM
IN OPPOSITION TO DEFENDANT SAINT LOUIS UNIVERSITY'S
MOTION TO DISMISS COUNT II**

COMES NOW Plaintiff, DONOVAN DAVIS, by and through his attorneys, and as his Memorandum in Opposition to Defendant Saint Louis University's (hereinafter referred to as SLU) Motion to Dismiss Count II, states as follows:

**I. STATEMENT OF FACTS**

Defendant SLU has filed a Motion to Dismiss Count II of Plaintiff's Complaint arising out of medical treatment, or lack thereof, rendered to Plaintiff while he was a detainee in the St. Louis County Justice Center in March 2013. Plaintiff was arrested on a warrant issued by St. Louis County and held in the St. Louis City Justice Center on March 1, 2013. He was transferred to the St. Louis County Justice Center (hereinafter "Justice Center") in the afternoon of March 1, 2013 and submitted to the intake process by St. Louis County personnel. (See ¶ 11 of Plaintiff's Amended Complaint) During this process, Plaintiff informed the St. Louis County personnel that he is a type I, or juvenile,

1

diabetic and utilizes an insulin pump. Plaintiff has utilized the insulin pump, which provides a continuous dosage of insulin, for approximately ten years. Plaintiff's condition is not compatible with life without the use of insulin from an external source, which in Plaintiff's case had been provided by an insulin pump. (See ¶ 12-13 of Plaintiff's Amended Complaint) Plaintiff's insulin pump was removed from his body, thus cutting off Plaintiff's continuous source of insulin. (See ¶14 of Plaintiff's Amended Complaint)

According the records produced by St. Louis County, Plaintiff was to receive insulin in an alternate manner which included testing his blood sugars. (See ¶ 15-16 of Plaintiff's Amended Complaint) Defendant Fred Rottnek, M.D., is an employee of St. Louis University, and is also the Director of Corrections Medicine for St. Louis County. (See ¶ 9 of the Plaintiff's Amended Complaint) According to the records produced by St. Louis County, Dr. Rottnek electronically signed the notes, verifying he was aware of and in agreement with the plan of action for treating Plaintiff's medical condition. (See ¶ 15 of Plaintiff's Amended Complaint). Dr. Mary V. Hastings is an employee of St. Louis University and works with Dr. Rottnek at St. Louis County Corrections Medicine. (See ¶ 10 of Plaintiff's Amended Complaint) Dr. Hastings was telephoned by nurses who worked at the Justice Center on several occasions regarding Plaintiff's increasingly grave medical condition. (See ¶ 20-21 of Plaintiff's Amended Complaint) Dr. Hastings finally gave the order that Plaintiff be transferred by ambulance to St. Louis University Hospital, although she stated the transfer should be "non-emergent" (See ¶ 22 of Plaintiff's Amended Complaint) The Plaintiff was admitted to the intensive care unit of St. Luis University Hospital with a diagnosis of diabetic ketoacidosis. (See ¶ 23 of Plaintiff's Amended Complaint)

## II. **MOTION TO DISMISS STANDARD**

The Court in *United States v Aceto Agric. Chems. Corp.*, 872 F.2d 1373, 1376 states, " We review the district court's order under the well-established standards for deciding a ***motion to dismiss*** for failure to state a claim. See *Fed. R. Civ. P.12(b)(6).* A complaint should not be ***dismissed*** for failure to state a claim unless it appears beyond a doubt that plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Conley v. Gibson, 355 U.S. 41, 45-46, 2L. Ed. 2d 80,78S.Ct. 99 (1957); May v. Commissioner of Internal Revenue, 752 f2d 1301, 1303 (8th Cir. 1985); Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982).* The allegations of plaintiffs' complaint must be assumed to be true, and further must be construed in their favor. *Scheuer v. Rhodes, 416 U.S. 232,236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); May 752 F.2d at 1303; Wright v Anthony, 733 F.2d 575, 577 (8th Cir. 1984)* The issue is not whether plaintiffs will ultimately prevail, but rather whether they are entitled to offer evidence in support of their claims. *Scheuer, 416 U.S. at 236*. Thus, it is only in the "unusual case" where the complaint on its face reveals some insuperable bar to relief that a dismissal under *Rule 12(b)(6)* is warranted. *Fusco, 676 F.2d at 334* (and authorities therein)."

"In assessing the sufficiency of a petition, all facts properly pleaded are assumed true, the averments are given a liberal construction, and the petition is accorded all reasonable inferences fairly deductible from the facts stated." *State ex rel. United Industries Corporation v Mummert, 878S.W.2d 494,*496 (Mo. App 1994) "A pleading will only be adjudged insufficient if it wholly fails to state a cause of action by failing to

include facts essential to a recovery." *Erslon v. Vee-Jay Cement Contracting CO., 728, S.W.2d 711, 712* (Mo. App.1987)

### III. ARGUMENT

Defendant SLU states that it cannot be liable for the conduct of any person it did not employ pursuant to R.S.Mo. §538.210.2(3) Plaintiff does not dispute the fact that Count II is a state based claim regarding the negligent provision and omission of health care services. Plaintiff alleges that Saint Louis University is the employer of Drs. Rottnek and Hastings, who, along with the personnel employed by St. Louis County, Missouri, are responsible for the health care provided to the inmates and detainees present at the St. Louis County Jail. Dr. Rottnek, an employee of SLU, is Director of Corrections Medicine at the St. Louis County Jail and Dr. Hastings, also an employee of SLU is a staff physician at the jail. As Plaintiff alleges, both physicians participated in the treatment of Plaintiff, consisting of supervising and giving orders to other healthcare personnel, essentially directing the Plaintiff's medical care. It is not conceivable that the defendant physicians acted on their own accord without the knowledge or permission of SLU of their actions. It is also defies logic to believe that SLU does not have a contract, agreement, association or relationship with St. Louis County, Missouri, as SLU's employee physicians are working at the county facility, supervising county personnel and acting as the director of Corrections Medicine, the department handling medical care and treatment. Until discovery is obtained regarding the agreement between the parties, it is unknown who has ultimate control of the care provided to the inmates and detainees, including the making of policies and procedures in the provision of healthcare treatment to those in the custody of St. Louis County, Missouri.

Defendant SLU states incorrectly that the only conduct referred to in Count II is the removal of the insulin pump. Plaintiff's allegations as to the conduct of the healthcare providers goes far beyond only the removal of the insulin pump and all allegations are incorporated into Count II. Removing Plaintiff's insulin pump was just the initial act in the behavior that caused Plaintiff to end up in the intensive care unit two days later.

Defendant SLU cites *Burns v Owens,* 459 S.W.2d 303 (Mo. 1970) for the general rule that a physician is not responsible for the negligence of hospital nurses, attendants, or interns who are not his employees. The *Burns* court, citing *Campbell v Preston, Mo.,* 379 S.W2d 557*,* states "Where a person actively participates as by expressly ordering or directing the act which proves to be negligent or wrongful, such person is liable to a third person damaged thereby even though the relation of employer and employee does not exist between the one who directs the act and the one who performs it." *Campbell* at 305.

Defendant argues that the case of *Hammonds v. Jewish Hosp. of St. Louis, 899 S.W.2d 527( MO. Ct. App. 1995)* is distinguishable to the present case because it involved two physicians, a junior resident and the chief resident. That fact is irrelevant when a there is one individual supervising or giving orders to another, be it doctor-doctor or doctor-nurse.

"A physician may be liable if the negligent acts are performed under his supervision and control, or if the negligent acts were performed under conditions where, in the exercise of ordinary care, he could or should have been able to prevent their injurious effects and did not do so. *Hammonds* at 530.

## IV. CONCLUSION

Defendant SLU is the employer of Defendants Rotnek and Hastings, who occupy prominent positions of authority and supervision in the Corrections Medicine department at the St. Louis County Justice Center. Plaintiff's Count II alleges negligence of Defendant SLU in that status. For the reasons stated above, Defendant Saint Louis University's Motion to Dismiss Count II should be denied. Should this honorable Court be willing to grant Defendant's Motion, Plaintiff respectfully requests that he be granted time to amend the complaint.

| | |
|---|---|
| /s/ Deborah A. Arbogast | /s/ Shawn A. Goulet |
| Deborah A. Arbogast, #49371MO | Shawn A. Goulet #33560MO |
| Attorney for Plaintiff | Attorney for Plaintiff |
| 230 South Bemiston Ave., Suite 410 | 230 S. Bemiston Ave., Ste. 410 |
| Clayton, Missouri 63105 | Clayton, Missouri 63105 |
| 314-721-2927 Fax: 314-667-3421 | 314-721-5730 Fax: 314-721-1519 |
| darbogast01@hotmail.com | goulets4@sbcglobal.net |

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the Plaintiff's Memorandum in Opposition to Defendant Saint Louis University's Motion to Dismiss Count II of Plaintiff's First Amended Complaint upon Christine A. Vaporean, attorney for Defendants Rottnek and Hastings and Saint Louis University, to Priscilla Gunn, Attorney for Defendants St. Louis County, Missouri and Erica Criss and Jonathan Ries, attorney for Defendant Erica Criss via the Court's electronic filing system on this 16th day of January 2015.

/s/Deborah A. Arbogast